IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, CWA, AFL-CIO, | ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 3888 |
| v. | ) ) | Judge Robert W. Gettleman |
| AMERICAN EAGLE AIRLINES, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Association of Flight Attendants–CWA, AFL-CIO ("AFA") filed a complaint seeking an order enforcing a final arbitration award issued by the American Eagle Flight Attendant System Board of Adjustment on June 3, 2009. Defendant American Eagle Airlines filed the instant motion for summary judgment. For the following reasons, the motion is denied.

## BACKGROUND

In July 2007, plaintiff filed a grievance alleging that defendant was changing flight attendants' assignments in violation of the parties' collective bargaining agreement ("CBA"). To simplify greatly, flight attendants follow a seniority system to bid on their preferred route assignment, and the CBA prohibits the airline from reassigning them to new routes unless the route has changed (for example, a flight has been cancelled due to weather or one leg is delayed and causes a missed connection). Plaintiff claimed that, in contravention of that rule, defendant was making reassignments when no portion of the routes had changed. (The parties and the arbitration board refer to this as a "new flying when no flying is lost" dispute.) Defendant denied the grievance on July 23, 2007, and the parties proceeded to arbitration.

The Railway Labor Act, 42 U.S.C § 151 et seq. ("RLA"), which was extended in 1936 to cover the airline industry, provides a mandatory arbitral framework for resolving disputes that, as relevant here, "gro[w] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 153a. Grievances are ultimately resolved by an ad hoc three-member adjustment board (officially titled the American Eagle Airlines, Inc. Flight Attendant System Board of Adjustment), comprising one member chosen by each side along with a neutral third-party arbitrator. The adjustment board reviewing plaintiff's grievance was chaired by neutral arbitrator Margaret Brogan ("Brogan Board").

On June 3, 2009, the Brogan Board sided with plaintiff and ordered that defendant "cease and desist from said conduct going forward." AFA and American Eagle Airlines, Inc.; Grievance No. 22-99-02-79-06; Final Opinion and Award (2009). The Brogan Board further determined that it "shall retain jurisdiction with respect to issues of remedy, and only in the event that the parties cannot agree."

The following spring, plaintiff began receiving new "new flying when no flying is lost" complaints from defendant's flight attendants. In the second half of 2010, plaintiff filed grievances on some of those complaints. Defendant denied those grievances.

In addition, in December 2010 plaintiff attempted to remedy the situation by invoking the Brogan Board's ongoing "jurisdiction with respect to issues of remedy," suggesting to Brogan that she coordinate a conference call with the Board and the parties. Brogan agreed and proposed a date for the call. Taking the position that the Brogan Board lacked jurisdiction over the new disputes, defendant refused to participate. Defendant explained that it considered the

disputes to be "new grievances which must be remedied only by resort to the parties' established grievance procedure." Plaintiff asked defendant to reconsider its position. Defendant declined.

## **DISCUSSION**

The parties purport to agree that an adjustment board, not the court, should ultimately rule on the merits of plaintiff's grievances, and they stake their disagreement on who should decide whether the Brogan Board is the proper adjustment board to do that. Defendant argues the court should decide; plaintiff argues the Brogan Board should. Because the court is not the appropriate forum for deciding disputes that Congress and the parties' CBA have delegated to arbitration, and because the court could not do what defendant requests without in fact ruling on the merits of the dispute, plaintiff has the better of the argument.

Defendant's position is that because plaintiff's current grievances are different from the one that was the basis for the Brogan Board's award, the Brogan Board does not have jurisdiction over them; thus arbitration should proceed before a new adjustment board selected in the manner dictated by the RLA and the parties' CBA. According to defendant, the first issue before that Board would be "whether or how the Brogan Award applies to [plaintiff's] new grievances and whether [defendant's] actions violate the CBA independently of the Brogan Award." That board would not, however, be tasked with deciding whether the Brogan Board has retained jurisdiction over the new grievances—by sending the dispute to a new panel, this court would have already answered that question in the negative. Thus, granting summary judgment for defendant would require the court to decide that the current grievances are distinct from the old one and definitively rule that the Brogan Board lacks jurisdiction over the new dispute.

In a logic-defying leap, defendant argues that this court must dismiss the action because that issue should be resolved through arbitration, but at the same time insists that no one—not this court, not an adjustment board—consider whether the Brogan Board has jurisdiction over that issue. That position would lead to the unacceptable result that any time a party to a binding arbitration agreement wanted to avoid the ongoing jurisdiction of a particular adjustment board, that party could simply conjure up a new defensive argument (here, that operational or business necessity justified the reassignment) and claim that the new grievance was distinct, thus effectively, and irrevocably, revoking that board's retained jurisdiction. "The grievance procedures, contracted for by the parties, were never intended to force a grievant into the role of a modern Sisyphus," Staffman's Organizing Comm. v. United Steelworkers of Am., AFL-CIO, 399 F.Supp. 102, 106 (W.D. Mich. 1975), and cannot be interpreted to require that the entire process begin anew whenever one party so desires.

Plaintiff's proposal would seemingly satisfy both parties (though it, in fact, does not): that the court "remand this matter to the Brogan Board[ ] and issue an order compelling [defendant] to participate in an arbitration before the Brogan Board that would as a preliminary matter consider whether it has jurisdiction, and if the answer is in the affirmative, then address the substance of the current 'new' . . . disputes." This would allow the question of the Brogan Board's jurisdiction to be decided through arbitration, not by the court.

Defendant asserts, however, that "the longstanding doctrine of functus officio precludes the Brogan Board from re-opening its prior award." But the Brogan Board retained jurisdiction over future enforcement issues, and "there is an abundance of case law both in this circuit and other circuits that recognizes the propriety of an arbitrator retaining jurisdiction over the remedy

4

portion of an award." CUNA Mut. Ins. Soc. v. OPEIU, Local 39, 443 F.3d 556, 565 (7th Cir. 2006). The functus officio doctrine therefore does not prevent the Brogan Board from considering whether the new grievances are within the scope of its 2009 award. Defendant's argument applies only if the court assumes, or determines, that the grievances are distinct.

Defendant's final argument is that "the relief AFA seeks here is barred by the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., which 'prohibits federal court jurisdiction to issue injunctions in peaceful labor disputes over arbitrable grievances.'" (quoting Chicago Typograhical Union v. Chicago Newspapers Publishers' Ass'n, 620 F.2d 602, 603 (7th Cir. 1980)). This argument is unpersuasive in light of the Supreme Court's holding that the Act does not deprive federal courts of jurisdiction to compel compliance with the RLA, which is how plaintiff's request is styled. See Burlington N. R.R. Co. v. Brotherhood of Maintenance Way Employes, 481 U.S. 429, 445-46 (1987) (citations omitted). Further, court-imposed injunctive relief is the only effective guard of plaintiff's asserted right to proceed with the Brogan Board, thus removing the Norris-LaGuardia Act's prohibition on injunctive relief. Id. at 446 (citing Int'l Ass'n of Machinists v. Street, 367 U.S. 740, 773 (1961)).

Moreover, defendant's Norris-LaGuardia Act argument is nonsensical. Defendant claims that plaintiff seeks an injunction "to avoid an arbitration of these new grievances by instead turning the Brogan Board into a standing referee." But the purpose of plaintiff's requested injunction is to order defendant to submit to arbitration, not to avoid arbitration. In fact, defendant's motion seeks to avoid arbitration: it asks the court, rather than an adjustment board, to decide whether the grievances are similar enough to invoke the Brogan Board's jurisdiction. Defendant argues that plaintiff's requested relief is prohibited by the Norris-LaGuardia Act

5

because it "would require the court to prejudge the issues," but plaintiff simply asks the court to return the parties to arbitration before a board that claims it has jurisdiction (at least for the purpose of determining the extent of that jurisdiction). Defendant's motion, not plaintiff's complaint, asks the court to "prejudge the issues."

Defendant also claims that plaintiff has unclean hands and is thus barred by the Norris-LaGuardia Act from seeking injunctive relief. At 29 U.S.C. § 108, the Act provides that

> [n]o restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration.

Defendant argues that this provision bars plaintiff from seeking an injunction because plaintiff "refuses to pursue" the recourse of arbitrating the dispute before a newly constituted adjustment board. But the Brogan Board's explicit retention of jurisdiction to enforce its cease-and-desist order provides a good-faith basis for plaintiff to believe that arbitration must continue before the Brogan Board, which is enough to surmount this provision. See Alton & S. Ry. Co. v. Brotherhood of Maintenance of Ways Employees, 899 F.Supp. 646, 648-49 (D.D.C. 1995).

## CONCLUSION

For the reasons discussed above, the court denies defendant's motion for summary judgment. The partes are ordered to submit this matter to the Brogan Board, which will preliminarily consider whether it has jurisdiction over plaintiff's new grievance.

**ENTER:** October 25, 2011

_____
**Robert W. Gettleman**
**United States District Judge**